UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CAMERON WARREN,

                              Plaintiff,

                 -against-

PVH CORP., *et al.*,

                              Defendants.

22-CV-851 (LTS)

ORDER TO AMEND

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Cameron Warren filed this *pro se* amended complaint under the Court's federal question jurisdiction, 28 U.S.C. § 1331, and supplemental jurisdiction, 28 U.S.C. § 1367, alleging that Defendants violated his rights during and after his employment at a Manhattan Tommy Hilfiger retail store from October 2018 through March 2019. Plaintiff asserts constitutional claims under 42 U.S.C. §§ 1983, 1985, and 1986, and state law claims under the New York City Human Rights Law, New York Civil Practice Law and Rules § 7801 — 7806. Named as Defendants are Plaintiff's former employer and co-workers (the "Hilfiger defendants") in connection with allegations of discrimination, harassment, and other misconduct; police, sheriffs, and prosecutors who allegedly failed to adequately investigate Plaintiff's criminal complaint regarding those events; and state court clerks, who allegedly failed to issue summonses in state court litigation arising out of these events. By order dated February 16, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis* (IFP), that is, without prepayment of the filing fees. For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within 60 days of the date of this order.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that, under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the court must

determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff's 88-page complaint, filed on January 31, 2022, names 35 Defendants[1] and consists of three separate pleadings entitled "Complaint (Part I)"; "Special Proceeding"; and "Complaint (Part II)." In Complaint (Part I), Plaintiff asserts the following facts. Plaintiff "maintains residency" in California, but he lived in New York and New Jersey when the events giving rise to this action occurred. (ECF 1 at 9.)[2] In October 2018, Plaintiff started seasonal employment with the Tommy Hilfiger Flagship Store on Fifth Avenue in Manhattan. (*Id.* at 58.) In November 2018, Plaintiff exchanged contact information with Defendant Alexis (Alex) Contreras, a Hilfiger manager, and they began meeting outside of work. On November 23, 2018, Plaintiff and Contreras had a sexual encounter in Contreras's apartment, during which Contreras took a "compromising" photograph of Plaintiff without Plaintiff's consent. (*Id.*) Plaintiff demanded that Contreras delete the photograph, but Contreras did not do so, and later showed the photograph to other Hilfiger employees. (*Id.* at 55.)

Contreras "invited Plaintiff over again" on another unspecified date, and Plaintiff accepted because he wanted an opportunity to convince Contreras to delete the photograph. Contreras grew "upset" because Plaintiff declined to "engage in any sexual activity" and made

---

[1] Named as defendants are the Philips Van Heusen Corporation (PVH), which appears to be the parent company of Hilfiger; multiple Hilfiger employees; Bronx Special Victims Unit Detective Sheldon White; the New York City Police Department; New York County Sheriff Sergeants Kenneth Matos and Yang; Bronx County Assistant District Attorney Alexandra Militano; Union County (N.J.) Prosecutor's Office Detectives Nora Berrios and Angela Concepcion; General Civil Court Clerk's Office of the "Manhattan Civil Courthouse," Supervisor Ms. Williams, and "Tom"; and several John or Jane Does.

[2] Because the paragraphs are not numbered consistently, citations are to the Court's Electronic Case Filing (ECF) system's page numbers.

comments that "aggravated" Contreras. (*Id.* at 58.) Thereafter, Plaintiff and Contreras stopped communicating, and Plaintiff "belie[ves]" that PVH promoted Contreras" to the corporate office to "separate" Plaintiff and Contreras and to "prevent the tension and impending exposure." (*Id.* at 60-61.)

Plaintiff recounts other "suspicious" incidents that he claims demonstrate that Contreras shared the photograph with other employees. (*Id.*) For example, a manager named Sieokhournburi called Plaintiff his "little country boy," and touched the top of Plaintiff's "left buttock" as they rode together in an elevator. (*Id.* at 53-54.) Another manager named Aguilar "eyed" Plaintiff in a "prowling manner" because he believed that Plaintiff was "inclined to date managers." (*Id.* at 63.) Both Sieokhournburi and Aguilar became hostile towards Plaintiff because he did not "actively return" their advances. (*Id.* at 54, 64.) Other managers failed to put Plaintiff on the calendar to operate a cash register and "made up tasks to keep [him] away from the register"; blamed Plaintiff for a mix-up that was not his fault; and sent Plaintiff to work on the "the Black-Floor," where many employees of color worked. (*Id.* at 62, 69.) Other employees stared at Plaintiff; refused his handshake; spoke to him in a demeaning, patronizing, or harassing manner; looked at him with "cut" eyes; walked away when Plaintiff approached; and asked Plaintiff about his sexuality. (*Id.* at 52-60.)

On or about March 24, 2019, PVH closed the Hilfiger flagship store to "cover up" the company's "negligence" in addressing the workplace discrimination and harassment that Plaintiff had experienced. (*Id.* at 10.) PVH also paid other employees between $5,000 and $10,000, and had them sign nondisclosure agreements so that they would not discuss Plaintiff's allegations. (*Id.* at 78-81.) Plaintiff left for California, but he returned to New York in January 2021, "to better seek justice for the actions that victimized him in 2018 and 2019." (*Id.* at 16.) On January

24, 2022, Plaintiff discovered that PVH had forged his signature on a severance agreement. (*Id.* at 80.)

In "Complaint Part II," Plaintiff alleges that law enforcement in New York and New Jersey prevented him from "sufficient[ly] report[ing]" Contreras's crime and conducted a "sham" investigation into his allegations. (ECF 1-2 at 35.) In the "Special Proceeding" pleading, Plaintiff seeks a writ of mandamus to compel law enforcement to "reopen and reinvestigate" Contreras. (*Id.* at 32-35.) Plaintiff previously sought relief in the New York County Supreme Court in connection with these events, but the action was dismissed due to "deficiencies" in his state court pleading. Plaintiff asserts that he has "fixed the errors."[3] (*Id.* at 39.)

Plaintiff seeks money damages and to have Contreras criminally prosecuted, under New York Penal Law § 250.45, for "unlawfully disseminat[ing]" the photograph. (*Id.* at 31, 49.)

## DISCUSSION

### A.    Employment discrimination claims

The Court construes Plaintiff's employment discrimination claims as arising under Title VII of the Civil Rights Act of 1964. Title VII provides that "[i]t shall be an unlawful employment practice for an employer … to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or

---

[3] Plaintiff sued Detective White and the NYPD in an Article 78 petition in state court, alleging his allegations were not properly investigated. *See Warren v. Detective Sheldon White of Bronx S.V.U.*, Ind. No. 101039/2021, 2021 WL 5359326 (Sup. Ct. Nov. 17, 2021) (dismissing complaint). In a prior action filed in this Court, Plaintiff asserted claims about the Contreras photograph under the Defend Trade Secrets Act of 2016 (DTSA), 18 U.S.C. § 1836 *et seq.*, the Copyright Act, and state law claims. After granting Plaintiff leave to amend his complaint, the Court dismissed the action for failure to state a claim on which relief may be granted. *See Warren v. Guerrero*, 1:21-CV-11236 (LTS) (S.D.N.Y. Feb. 22, 2022) (*Warren I*). There are six defendants in common in this case and in *Warren I* (Quendry Guerrero, Dominique Alexander, Chennel Hosein, Betty Rodriguez, Michelle Pratt, and Justin Waters).

privileges of employment, because of such individual's race, color, religion, sex or national origin." 42 U.S.C. § 2000e-2(a). This antidiscrimination statute prohibits employers from mistreating an individual because of the individual's protected characteristics, *Patane v. Clark*, 508 F.3d 106, 112 (2d Cir. 2007), or retaliating against an employee who has opposed any practice made unlawful by those statutes, *see Crawford v. Metro. Gov't*, 555 U.S. 271, 276 (2009) (holding that conduct is protected when it "confront[s]," "resist[s]," or "withstand[s]" unlawful actions). Mistreatment at work that occurs for a reason other than an employee's protected characteristic or opposition to unlawful conduct is not actionable under these federal antidiscrimination statutes. *See Chukwuka v. City of New York*, 513 F. App'x 34, 36 (2d Cir. 2013) (quoting *Brown v. Henderson*, 257 F.3d 246, 252 (2d Cir. 2001)).

At the pleading stage in an employment discrimination action, "a plaintiff must plausibly allege that (1) the employer took adverse employment action against him, and (2) his race, color, religion, sex, or national origin was a motivating factor in the employment decision." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 86 (2d Cir. 2015). The plaintiff "may do so by alleging facts that directly show discrimination or facts that indirectly show discrimination by giving rise to a plausible inference of discrimination." *Id.* at 87.

Before filing suit under Title VII, a plaintiff must first file a timely charge with the United States Equal Employment Opportunity Commission ("EEOC") or appropriate state or local agency, and obtain a Notice of Right to Sue from the EEOC. *See* 42 U.S.C. § 2000e-5(e)(1), (f)(1); *Chin v. Port Auth. of N.Y. & N.J.*, 685 F.3d 135, 146 (2d Cir. 2012).[4] In New York, this

---

[4] The exhaustion of these administrative remedies is not a jurisdictional requirement, but rather, like a statute of limitations, subject to waiver, estoppel, and equitable tolling. *See Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982); *Johnson v. Al Tech Specialities Steel Corp.*, 731 F.2d 143, 146 (2d Cir. 1984); *see also Fort Bend Cnty., Tex. v. Davis*, 139 S. Ct. 1843, 1846 (2019) ("Title VII's charge-filing instruction is not jurisdictional. . . ."); *Hardaway v. Hartford*

charge must be filed within 300 days of the alleged act of discrimination, *see* § 2000e-5(e)(1); *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 109 (2002); *Tewksbury v. Ottaway Newspapers*, 192 F.3d 322, 325-28 (2d Cir. 1999), and a Title VII action must be commenced within 90 days of receiving the Notice of Right to Sue, *see* § 2000e-5(f)(1).

Because the failure to file an action within the relevant limitations period is a basis for an affirmative defense, *see* Fed. R. Civ. P. 8(c)(1), a plaintiff is generally not required to plead that his claims are timely filed, *see Abbas v. Dixon*, 480 F.3d 636, 640 (2d Cir. 2007). Dismissal *sua sponte* is appropriate, however, where the existence of an affirmative defense, such as untimeliness, is plain from the face of the complaint. *See Walters v. Indus. & Commercial Bank of China, Ltd.*, 651 F.3d 280, 293 (2d Cir. 2011). The Second Circuit has cautioned district courts, however, not to dismiss a *pro se* action *sua sponte* on statute of limitations grounds without giving the *pro se* litigant notice and an opportunity to be heard. *See Abbas*, 480 F.3d at 640.

The Court grants Plaintiff leave to replead his employment discrimination claims in an amended complaint in which he alleges facts showing why those claims are timely or why the applicable limitation periods should be equitably tolled. *See Zerilli-Edelglass v. N.Y.C. Transit Auth.*, 333 F.3d 74, 80 (2d Cir. 2003) (holding that equitable tolling of the statute of limitations is "only appropriate in rare and exceptional circumstances, in which a party is prevented in some extraordinary way from exercising his rights," and to obtain the benefit of equitable tolling, a plaintiff must show (1) that he acted with reasonable diligence during the time period tolled, and (2) that extraordinary circumstances justify the application of the doctrine.).

---

*Public Works Dep't*, 879 F.3d 486, 491 (2d Cir. 2018) ("[T]he burden of pleading and proving Title VII exhaustion lies with defendants and operates as an affirmative defense.").

**B.**     **Other claims**

1.     Hilfiger defendants

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988). Private parties are not generally liable under the statute. *Sykes v. Bank of America*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties.").

Because the Hilfiger defendants are private parties who do not work for any state or other government body or have any affiliation with such entities, Plaintiff has not stated a claim against them under Section 1983.

2.     Claims based on allegations of criminal conduct

Plaintiff alleges that police officers, sheriff's department employees, and prosecutors in New York and New Jersey failed to either adequately investigate his allegations of criminal behavior and other misconduct, or to otherwise act upon those allegations. There is, however, no right to an investigation by police officers or other government officials. *See DeShaney v. Winnebago Cty. Dep't of Social Servs.*, 489 U.S. 189, 195-96 (1989) (the Due Process Clause generally confers no affirmative right to governmental aid); *Bernstein v. New York*, 591 F. Supp. 2d 448, 460 (S.D.N.Y. 2008) (holding that there is " no constitutional right to an investigation by government officials.") (citation omitted). Any exceptions to this rule, *see Dwares v. City of N.Y.*, 985 F.2d 94, 98-99 (2d Cir. 1993) (listing exceptions), do not apply to the facts alleged.

Accordingly, Plaintiff's allegations against the law enforcement defendants fail to state a Section 1983 claim.

Plaintiff also seeks mandamus relief, under 28 U.S.C. § 1361, in connection with law enforcement's alleged failure to investigate his allegations. The federal district courts have jurisdiction of "any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. Mandamus relief is, however, a drastic remedy that should be used only in extraordinary circumstances. *Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 34 (1980); *Kerr v. United States Dist. Court for the N. Dist. of Cal.*, 426 U.S. 394, 402 (1976). Such relief is only available upon a showing that: "(1) no other adequate means [exist] to attain the relief he desires, (2) the party' s right to . . . the [relief] is clear and indisputable, and (3) the [relief] is appropriate under the circumstances." *Hollingsworth v. Perry*, 558 U.S. 183, 190 (2010) (internal quotation marks and citation omitted, first alteration in original). Because Plaintiff has not sued any officer, employee, or agency of the United States in this action and has failed, in any event, to show that he is has a clear and indisputable right to the relief he seeks, his application for mandamus relief is denied.

Plaintiff further alleges that, in showing the photograph to other Hilfiger employees without permission, Contreras violated New York Penal Law § 250.45. To the extent that Plaintiff seeks to have Contreras criminally prosecuted, the Court must dismiss that claim. Plaintiff cannot initiate the arrest and prosecution of an individual in this Court because "the decision to prosecute is solely within the discretion of the prosecutor." *Leeke v. Timmerman*, 454 U.S. 83, 87 (1981). Nor can Plaintiff direct prosecuting attorneys to initiate a criminal proceeding against Defendant. Prosecutors possess discretionary authority to bring criminal actions and they are "immune from control or interference by citizen or court." *Conn. Action*

*Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 87 (2d Cir. 1972). Accordingly, this claim is dismissed.

### 3.     Court clerks

Plaintiff asserts that clerks in the state court failed to issue summonses in his case, and he seeks money damages. Judicial immunity has been extended to court clerks and "others who perform functions closely associated with the judicial process" when they perform discretionary acts of a judicial nature that are essential to the judicial process, such as filing court documents or managing a court's calendar. *Cleavinger v. Saxner*, 474 U.S. 193, 200 (1985); *see Rodriguez v. Weprin*, 116 F.3d 62, 66 (2d Cir. 1997) (extending judicial immunity to state court clerks who were ordered by Appellate Division judges not to provide a litigant with documents and not to expand the record on appeal); *McKnight v. Middleton*, 699 F. Supp. 2d 507, 526 (E.D.N.Y. 2010) ("Clerk's Office activities of filing and docketing legal documents" are an "integral part of the judicial process" and are generally entitled to absolute immunity); *Pikulin v. Gonzales*, No. 07-CV-0412 (CBA), 2007 WL 1063353, at *2 (E.D.N.Y Apr. 5, 2007) (extending judicial immunity to the federal court clerk with respect to claims arising out of the filing and docketing of legal documents). Plaintiff's claims against state-court clerks arise from the processing of his case, a task that is an integral part of the judicial process, and therefore must be dismissed under the doctrine of judicial immunity. *See* 28 U.S.C. § 1915(e)(2)(B)(iii).

### 4.     Conspiracy claims

Plaintiff's assertion that Defendants conspired to violate his rights links his various allegations to each other. To state a claim of conspiracy under 42 U.S.C. § 1983, a plaintiff must show "(1) an agreement between two or more state actors or between a state actor and a private entity; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages." *Pangburn v. Culbertson*, 200 F.3d 65, 72 (2d Cir.

1999). To state a claim of conspiracy under § 1985(3), a plaintiff must show that there exists: (1) a conspiracy; (2) for the purpose of depriving the plaintiff of the equal protection of the laws, or the equal privileges or immunities under the laws; (3) an overt act in furtherance of the conspiracy; and (4) an injury to the plaintiff's person or property, or a deprivation of her right or privilege as a citizen of the United States. *Thomas v. Roach*, 165 F.3d 137, 146 (2d Cir. 1999). "[T]he [§ 1985(3)] conspiracy must also be motivated by some racial or perhaps otherwise class-based, invidious discriminatory animus behind the conspirators' action." *Id*. (internal quotation marks and citation omitted). Vague and unsupported assertions of a conspiracy do not state a plausible conspiracy claim under Section 1983 or Section 1985(3). *See, e.g., Wang v. Miller*, 356 F. App'x 516, 517 (2d Cir. 2009) (summary order); *Webb v. Goord*, 340 F.3d 105, 110-11 (2d Cir. 2003); *Boddie v. Schnieder*, 105 F.3d 857, 862 (2d Cir. 1997). Section 1986 provides a remedy against individuals who "kn[ew] of and ha[d] the ability to aid in preventing a § 1985 conspiracy . . . [and] decline[d] to take steps preventing that conspiracy. . . ." *Wahad v. FBI*, 813 F. Supp. 224, 232 (S.D.N.Y. 1993). Claims under this section are only valid "if there is a viable conspiracy claim under section 1985." *Gagliardi v. Vill. of Pawling*, 18 F.3d 188, 194 (2d Cir. 1994).

Plaintiff claims that Hilfiger employees and managers, law enforcement in New York and New Jersey, and state-court clerks conspired to violate his constitutional rights. These allegations are vague and unsupported by any specific facts showing the existence of overt acts on the part of any Defendant in furtherance of a conspiracy to discriminate against him or to violate his federally protected rights. The Court therefore dismisses Plaintiff's conspiracy claims for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

C.      **Motion for pro bono counsel**

The factors to be considered in ruling on an indigent litigant's request for counsel include the merits of the case, Plaintiff's efforts to obtain a lawyer, and Plaintiff's ability to gather the facts and present the case if unassisted by counsel. *See Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989); *Hodge v. Police Officers,* 802 F.2d 58, 60-62 (2d Cir. 1986). Of these, the merits are "[t]he factor which command[s] the most attention." *Cooper*, 877 F.2d at 172. Because it is too early in the proceedings for the Court to assess the merits of the action, Plaintiff's motion for counsel is denied without prejudice to renewal at a later date.

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts that are sufficient to state a valid employment discrimination claim, the Court grants Plaintiff 60 days' leave to amend his complaint to detail that claim.

Plaintiff is granted leave to amend his complaint to address the deficiencies in his complaint with respect to his employment discrimination claims.[5] In the "Statement of Claim"

---

[5] A district court may decline to exercise supplemental jurisdiction over state-law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction."

section of the amended complaint form, Plaintiff must provide a short and plain statement of the

relevant facts supporting each claim against each defendant. If Plaintiff has an address for any

named defendant, Plaintiff must provide it. Plaintiff should include all of the information in the

amended complaint that Plaintiff wants the Court to consider in deciding whether the amended

complaint states a claim for relief. That information should include:

a) the names and titles of all relevant people;

b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c) a description of the injuries Plaintiff suffered; and

d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated his

federally protected rights and how; when and where such violations occurred; and why Plaintiff

is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the

original complaint, any facts or claims that Plaintiff wants to include from the original complaint

must be repeated in the amended complaint.

**CONCLUSION**

As set forth in this order, with the exception of Plaintiff's employment discrimination

claims, Plaintiff's claims arising under the Court's federal question jurisdiction are dismissed for

---

*Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). It is not clear that Plaintiff can state a federal claim over which the Court has original jurisdiction. Thus, the Court will decide at a later stage whether to exercise its supplemental jurisdiction over any state-law claims Plaintiff seeks to assert. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'") (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997)).

either failure to state a claim on which relief may be granted, or for lack of subject matter jurisdiction. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); Fed. R. Civ. P. 12(h)(3).

Plaintiff is granted leave to file an amended complaint that contains facts showing that he can state a viable and timely employment discrimination complaint. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within 60 days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 22-CV-851 (LTS). An Amended Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   April 29, 2022
         New York, New York

  /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.


-against-

_____

_____

_____

_____

Write the full name of each defendant. If you need more space, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section II.

_____CV_____

(Include case number if one has been assigned)

### AMENDED

### COMPLAINT

Do you want a jury trial?
☐ Yes    ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

---

Rev. 2/10/17

## I.    BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐   **Federal Question**

☐   **Diversity of Citizenship**

## A.   If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

## B.   If you checked Diversity of Citizenship

### 1.   Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____ , is a citizen of the State of
                        (Plaintiff's name)

_____
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
(Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or
subject of the foreign state of

_____ .

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____ .

If more than one defendant is named in the complaint, attach additional pages providing
information for each additional defendant.

## II.  PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional
pages if needed.

_____

First Name                    Middle Initial        Last Name

_____

Street Address

_____

County, City                          State                Zip Code

_____        _____

Telephone Number                   Email Address (if available)

## B.   Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1: _____

First Name                        Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                           State                   Zip Code

Defendant 2: _____

First Name                        Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                           State                   Zip Code

Defendant 3: _____

First Name                        Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                           State                   Zip Code

Defendant 4:

_____
First Name                            Last Name

_____
Current Job Title (or other identifying information)

_____
Current Work Address (or other address where defendant may be served)

_____
County, City                            State                    Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: _____


Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

## IV. RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

## V.  PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Street Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

| | |
|---|---|
| Telephone Number | Email Address (if available) |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes   ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.