UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CAMERON WARREN,<br><br>                      Plaintiff,<br><br>         -against-<br><br>PVH CORP, *et al.*,<br><br>                      Defendants. | 22-CV-851 (LTS)<br><br>ORDER OF DISMISSAL |

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff Cameron Warren, who is proceeding *pro se* and *in forma pauperis* (IFP), filed this action invoking the Court's federal question jurisdiction, 28 U.S.C. § 1331, and its supplemental jurisdiction, 28 U.S.C. § 1367. He alleges that Defendants conspired to violate his rights during and after his six months of employment in 2018 and 2019, at a Tommy Hilfiger store in Manhattan. By order dated April 29, 2022, the Court directed Plaintiff to file a second amended complaint to address deficiencies in his first amended pleading. Plaintiff filed a second amended complaint on June 17, 2022, and the Court has reviewed it. The Court dismisses the second amended complaint for the reasons set forth below.

## BACKGROUND

      The Court assumes familiarity with its 14-page order issued on April 29, 2022, which detailed the allegations in Plaintiff's first amended complaint, and thus will summarize those allegations here only briefly. Plaintiff was a temporary employee at the Tommy Hilfiger flagship store in Manhattan from October 2018 through March 2019. Plaintiff had a consensual sexual encounter with a Hilfiger manager, Alex Contreras, at Contreras's home, during which Contreras took a "compromising" photograph of Plaintiff without his consent. Contreras showed the photograph to other Hilfiger employees at work, which led to other Hilfiger managers and

employees sexually harassing Plaintiff and discriminating against him because of his race. Plaintiff alleges that, to cover up these events, the parent company of Hilfiger, the PVH Corporation, closed the flagship store, and offered payouts to employees if they signed nondisclosure agreements (NDAs). The NDAs forbade any employee from discussing the photograph incident and its aftermath. By signing the NDAs, the Hilfiger employees "aided PVH Corp. in defrauding Plaintiff by unlawfully compounding crimes" committed against him. (ECF 4 ¶¶ 124-148). Plaintiff named: (1) his former employer and co-workers; (2) police, sheriffs, and prosecutors in New York and New Jersey who allegedly failed to adequately investigate Plaintiff's criminal complaints about the photograph; and (3) state court employees who failed to issue summonses in state court litigation arising out of these events.

In the order dated April 29, 2022, the Court granted Plaintiff leave to file a second amended complaint to address deficiencies in the first amended pleading, including the fact that his submission was 88 pages long, named 35 defendants, and did not contain a short and plain statement showing Plaintiff's entitlement to relief. (ECF 10.) The Court specifically rejected Plaintiff's claim that Defendants had conspired to violate his rights, holding that there were no facts in the complaint to support that claim. The Court granted Plaintiff leave to provide facts to support his employment discrimination claims.[1]

The second amended complaint, with attachments, is more than 200 pages long, names more than 30 defendants (some of whom are new), adds new claims, and repeatedly reasserts

---

[1] In that order, the Court also noted other lawsuits Plaintiff has filed in connection with these events. *See Warren v. Detective Sheldon White of Bronx S.V.U.*, Ind. No. 101039/2021, 2021 WL 5359326 (Sup. Ct. Nov. 17, 2021) (dismissing Plaintiff's Article 78 proceeding claiming that detective failed to investigate his claims against Contreras); *Warren v. Guerrero*, 1:21-CV-11236 (LTS) (S.D.N.Y. Feb. 22, 2022) (*Warren I*) (dismissing complaint asserting claims about the Contreras photograph under the Defend Trade Secrets Act of 2016, 18 U.S.C. § 1836 *et seq.*, the Copyright Act, and under state law).

without support that PVH closed the flagship store and paid employees money to keep silent about the Contreras photograph.[2] (ECF 11 ¶¶ 44, 102-120, 160-173; page 20 n.7.) The following is a sample of the allegations in the second amended complaint:

> 174. Defendant(s), assertively, under conspiracy with Defendant PVH Corp. to stalk Plaintiff, invited Plaintiff to the chat to gauge into Plaintiff's knowledge of fact in regards to the unlawful dissemination of Plaintiff's photo, likely being incentivized by Defendant PVH Corp to do so; and likely so, to better prepare for any legal repercussions and/or further implementation of illicit 'cover-up' action.
>
> 175. Plaintiff asserts that Defendants within the group chat, Defendant Hamilton foremost, to gauge and notify Defendant PVH Corp. — most likely via Defendant Alexander — of Plaintiff's assumed oblivion pertaining to the crimes and torts that victimized him.
>
> 176. Defendant PVH Corp., allegedly, stalked Plaintiff by proxy through Defendants Malik and Waters, both continuously monitoring Plaintiff's Instagram and inquiring Plaintiff's location; Plaintiff asserts Defendant Malik solicited Plaintiff with an "opportunity" to rejoin PVH Corp., to gauge Plaintiff's regard of the company post-termination.
>
> 177. Plaintiff alleges further, that Defendant's — PVH Corp., Chirico, Preuss, Tobin, Romano, David, Georgieva, and Hirshman — reliance on proxies such as Defendant Malik and Waters, and the Defendants present in the 'Group Chat', to interact with Plaintiff, contributed greatly to the presentation of the forged document to Plaintiff. As Plaintiff had not made known, explicitly, his conclusion of fact for two years to any person, Mr. Contreras's unlawful dissemination of photo, Plaintiff alleges that Defendants were empowered by the presumption of Plaintiff's oblivion for that time period to defraud Plaintiff.

---

[2] Attached to the second amended complaint is a photograph of the first page of what appears to be another state court lawsuit. *Warren v. Guerrero and Pimental*, Ind. No. 026743/21 (Civ. Ct. N.Y. Cnty.) (asserting unjust enrichment claims against two Hilfiger co-workers for money received, allegedly to withhold information about the Contreras photograph). (ECF 11-1 at 30.) The second amended complaint does not make clear the status of that matter. Publicly available records show that on November 4, 2021, Plaintiff filed other actions in New York County Civil Court against former Hilfiger co-workers (Bowden, Rodriguez, Agurto, Guerrero, Hosein, Platt, Tolentino, and Sieokhornbury), under Index Numbers 250542/21, 024037/21, 024038, 026743, 026744, 026745, 026746, 026747. Some of the same defendants are named in this action (Guerrero, Sieokhornbury, Rodriguez, Bowden, Tolentino, and Hosein); *see also Warren v. Dominique Alexander*, Ind. No. 160369/21 (Nov. 15, 2021).

    178. Defendants — PVH Corp., Chirico, Preuss, Tobin, Romano, David, Georgieva, and Hirshman — Plaintiff alleges, had facilitated the conspiracy of compounding crimes against Plaintiff. Then, upon the high probability for the likelihood of Plaintiff's eventual discovery of civil liabilities of pertaining to his employment with PVH Corp., The Defendants relied heavily upon the conspiracy to last long enough for Plaintiff to forget whether or not he had signed away his rights to litigate against Defendant PVH Corp. and other Defendants listed in Part II of this Complaint, then present Plaintiff with a forgery of a severance agreement. Defendant Romano facilitating, and informing Plaintiff of, the pre-severance two weeks "bonus" are material to the forestated conclusion.

    179. Plaintiff repeats under New York Civil Conspiracy Law that the fraud, which was supported by the alleged conspiracy of compounding crimes against Plaintiff and stalking by on behalf of PVH Corp.

(*Id.* ¶¶ 174-179.)

## DISCUSSION

The Court granted Plaintiff leave to file a second amended complaint to provide facts suggesting a viable employment discrimination claims. Plaintiff has not pleaded an employment discrimination claim, or any other claim, in a comprehensible manner. "When a complaint does not comply with the requirement that it be short and plain, the court has the power, on its own initiative or in response to a motion by the defendant, to strike any portions that are redundant or immaterial . . . or to dismiss the complaint." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) (citing Fed. R. Civ. P. 12(f)); *see also Shomo v. State of N.Y.*, 374 F. App'x 180, 182 (2d Cir. 2010) (unpublished opinion) (holding that where a complaint "contain[ed] a surfeit of detail . . . the district court was within bounds of discretion to strike or dismiss the complaint for noncompliance with [Federal Rule of Civil Procedure] Rule 8"); *Prezzi v. Schelter*, 469 F.2d 691, 692 (2d Cir. 1972) (per curium) (affirming dismissal of *pro se* plaintiff's 88-page, legal size, single spaced complaint that "contained a labyrinthian prolixity of unrelated and vituperative charges that defied comprehension[,] fail[ing] to comply with the requirement of Rule 8"); *Lafurno v. Walters*, No. 18-CV-1935 (JS) (ARL), 2018 WL 2766144, at *3 (E.D.N.Y.

4

June 8, 2018) (dismissing *pro se* plaintiff's 61-page complaint that included a 66-page "memorandum of law" and 157-page "affidavit").

The second amended complaint does not contain a short and plain statement showing that Plaintiff is entitled to relief. The most recent pleading fails to provide fair notice to the defendants of the nature of Plaintiff's claims so that they may answer and prepare for trial; and it in no way clarifies Plaintiff's claims. Instead, it adds new parties and presents a disorganized collection of new allegations. The April 29, 2022 order explicitly rejected Plaintiff's claims that there was a conspiracy among Defendants to violate his federally protected rights, without leave to replead this claim, therefore Plaintiff's reiteration of that theory in the second amended complaint will not be considered here. In short, the second amended complaint does not remedy the deficiencies of the first amended complaint.

## FURTHER LEAVE TO AMEND DENIED AND WARNING

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)).

Plaintiff has submitted three pleadings in this case, and there is no indication that he can provide a short and plain statement of facts giving rise to any viable claims falling within this Court's jurisdiction. Leave to amend may be denied if the plaintiff has already been given an opportunity to amend but has failed to cure the complaint's deficiencies. *See Ruotolo v. City of*

*New York*, 514 F.3d 184, 191 (2d Cir. 2008); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Accordingly, the Court declines to grant Plaintiff further leave to amend.

The exact degree of solicitude that should be afforded to a *pro se* litigant in any given case depends upon a variety of factors, including the procedural context and relevant characteristics of the particular litigant. *Tracy v. Freshwater*, 623 F.3d 90 (2d Cir. 2010). A *pro se* litigant who has previously brought a similar case may be charged with knowledge of particular legal requirements. *See Sledge v. Kooi*, 564 F.3d 105, 109-110 (2d Cir. 2009) (discussing circumstances where frequent *pro se* litigant may be charged with knowledge of particular legal requirements). In *Warren I*, the Court issued the following warning:

> Plaintiff is warned that all litigants are required to make a reasonable investigation that their claims are well-founded before filing suit. Fed. R. Civ. P. 11. Moreover, vexatious litigation in this Court, or litigation that is for the purpose of harassment, can result in an order barring Plaintiff from filing new actions unless he receives prior permission. *See* 28 U.S.C. § 1651.

ECF 1:21-CV-11236, 13.

The Court reiterates the warning issued in *Warren I.* Further duplicative or frivolous litigation in this Court will result in an order barring Plaintiff from filing new actions IFP without prior permission. *See* 28 U.S.C. § 1651.

## CONCLUSION

The second amended complaint is dismissed for the reasons set forth in this order and in the April 29, 2022 order. 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to issue judgment for this case.

SO ORDERED.

Dated:   September 26, 2022
         New York, New York

                                           /s/ Laura Taylor Swain
                                           LAURA TAYLOR SWAIN
                                           Chief United States District Judge