UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CAMERON WARREN,

                Plaintiff,

-against-

PVH CORP., *et al.*,

                Defendants.

22-CV-851 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff filed this action *pro se* and *in forma pauperis* ("IFP"), in connection with his employment at the Tommy Hilfiger flagship store in Manhattan from October 2018 through March 2019. Plaintiff alleged that he had a consensual sexual encounter with a Hilfiger manager, Alex Contreras, at Contreras's home, during which Contreras took a "compromising" photograph of Plaintiff without his consent. Contreras showed the photograph to other Hilfiger employees at work, which led to other Hilfiger managers and employees sexually harassing Plaintiff and discriminating against him because of his race. (ECF 8.)

    On September 26, 2022, the Court dismissed Plaintiff's second amended complaint for failure to state a claim on which relief may be granted,[1] and the Court of Appeals dismissed Plaintiff's appeal as frivolous. *See* No. 22-2738 (2d Cir. Mar. 23, 2023) (dismissing appeal because it "lack[ed] an arguable basis in law or in fact.") (ECF 12, 14).

---

[1] In an order (ECF 10) granting Plaintiff leave to replead his claims in an amended pleading, the Court noted other lawsuits that Plaintiff had filed in connection with these events. *See Warren v. Detective Sheldon White of Bronx S.V.U.*, Ind. No. 101039/2021, 2021 WL 5359326 (Sup. Ct. Nov. 17, 2021) (dismissing Plaintiff's Article 78 proceeding claiming that detectives failed to investigate his claims against Contreras); *Warren v. Guerrero*, 1:21-CV-11236 (LTS) (S.D.N.Y. Feb. 22, 2022) (*Warren I*) (dismissing complaint asserting claims about the Contreras photograph under the Defend Trade Secrets Act of 2016, 18 U.S.C. § 1836 *et seq.*, the Copyright Act, and under state law).

This matter is now before the Court on Plaintiff's motion to seal the docket of this case. (ECF 15.) In an accompanying declaration, Plaintiff asserts that this matter should be sealed, "due to the subject matter described herein (i.e. sexual harassment, sexual abuse) for my privacy." (ECF 16 at 1.) For the reasons set forth below, the Court denies Plaintiff's motion to seal.

## DISCUSSION

Both the common law and the First Amendment protect the public's right of access to court documents. *See Nixon v. Warner Comms., Inc.*, 435 U.S. 589, 597-99 (1978); *Hartford Courant Co. v. Pellegrino*, 380 F.3d 83, 91-92 (2d Cir. 2004). This right of access is not absolute, and "the decision as to access [to judicial records] is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case." *Nixon*, 435 U.S. at 599 (footnote omitted).

The United States Court of Appeals for the Second Circuit has set forth a three-part analysis to determine whether a document relating to a lawsuit should be made available to the public. *See Lugosch v. Pyramid Co.*, 435 F.3d 110, 119-20 (2d Cir. 2006). First, the Court must determine whether the document is indeed a "judicial document," to which the public has a presumptive right of access. *Id.* at 119. Judicial documents are those that are "relevant to the performance of the judicial function and useful in the judicial process." *Id.* (internal quotation marks and citation omitted).

Second, if the Court determines that the materials to be sealed are judicial documents, then the Court must determine the weight of the presumption of access. *Id.* "[T]he weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995).

Finally, "the court must balance competing considerations against" the presumption of access. *Lugosch*, 435 F.3d at 120 (internal quotation marks and citation omitted). "Such countervailing factors include but are not limited to the danger of impairing law enforcement or judicial efficiency and the privacy interests of those resisting disclosure." *Id.* (internal quotation marks and citation omitted).

Here, the documents submitted in this case are "judicial document[s]," to which the public is presumed to have a right of access. *See Bernstein v. Bernstein Litowitz Berger & Grossman LLP*, 814 F.3d 132, 139-40 (2d Cir. 2016) (all pleadings, including a complaint, "are judicial records subject to a presumption of public access"). The subject matter of Plaintiff's complaint is not so extreme that his privacy concerns warrant denying public access to the record of this case. Based on consideration of these factors, the Court concludes that the circumstances presented here are not sufficiently extraordinary to outweigh the presumption in favor of public access to court records.

In any event, Plaintiff has filed multiple lawsuits arising from the same underlying events. In addition to the state court matter, the prior case filed in this court (*Warren I*), and the appeal from this case, discussed earlier, Public Access to Case Electronic Records ("PACER") shows that Plaintiff filed multiple other actions in the United States District Court for the Northern District of California arising from these same events, all of which were voluntarily dismissed. *See, e.g., Warren v. Guerrero,* No. 21-CV-9427 (N.D. Cal. Dec. 21, 2021) (dismissing complaint under Fed. R. Civ. P. 41(b)); *Warren v. Marria,* No. 21-CV-9734 (N.D. Cal. Dec. 21, 2021) (same). None of these other matters are sealed. Even if the Court sealed this docket, the information about this case appearing on other public websites, and the dockets of the other cases

to which Plaintiff is a party, remain a matter of public record. For all of these reasons, the Court denies the motion to seal.

## CONCLUSION

The motion to seal this case is denied. The Clerk of Court is directed to terminate the motion. (ECF 15.)

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   September 6, 2023
         New York, New York

                                            /s/ Laura Taylor Swain
                                            LAURA TAYLOR SWAIN
                                            Chief United States District Judge